**In the Matter of the Estate of:**
**Charley Nez Wauneka Sr.**
**Ben Wauneka Sr., Administrator,**
**Plaintiff-Appellee,**
v.
**Dennis Williams, Defendant-Appellant.**
**Decided August 19, 1988**

---

## OPINION

Before BLUEHOUSE, Acting Chief Justice, AUSTIN and NESWOOD (sitting by designation), Associate Justices.

Michael C. Nelson, Esq., Window Rock, Arizona, for the Appellant; and Lawrence A. Ruzow, Esq., and Allen Sloan, Esq., Flagstaff, Arizona, for the Appellee.

Opinion delivered by AUSTIN, Associate Justice.

Appellant Dennis Williams filed a motion, pursuant to Rule 5(b), NRCAP (1987), requesting an extension of time to file a petition for reconsideration of this Court's decision. Two questions must be answered to decide this motion: (1) when does the time begin to run for purposes of filing a petition for reconsideration of a Supreme Court decision; and (2) when must the motion for extension of time be filed to be timely.

### I

On May 31, 1988, this Court entered its final decision in this case. The Supreme Court Clerk mailed by certified mail the decision to the attorneys of record on June 9, 1988. The docket sheet in the appellate record shows that certified copies of the decision were mailed to appellee's attorneys, Allen Sloan and Lawrence Ruzow, and appellant's attorney, Robert J. Wilson. The return receipt for the certified mail shows that Mr. Wilson's office received this Court's decision on June 27, 1988.

On July 8, 1988, appellant, through new counsel, filed this motion requesting an extension of time to file a petition for reconsideration of this Court's May 31, 1988 decision. As grounds for the motion, appellant claimed that he attempted, unsuccessfully, to contact his attorney many times on his case over several

months, and that his attorney had been charged with crimes in New Mexico. Appellant also claimed that his case file was in the custody of the McKinley County Attorney who would not release the file. Appellant stated that he cannot prepare the petition for reconsideration without his file, therefore an extension was necessary. Appellant further stated that he first obtained a copy of this Court's decision from the district court on June 21, 1988.

## II

This Court can shorten or extend the time for filing papers with the Court using reasonable discretion, but the Court will not shorten or extend the time for filing a notice of appeal. NRCAP 5(b) (1987). A motion for extension of time must be filed before expiration of the time established in the Navajo Rules of Civil Appellate Procedure for filing the paper. If the motion is sent by mail, sufficient time for delivery must be allowed so that the motion will be in the custody of the clerk and filed before expiration of the time established. *See In the Matter of Adoption of Baby Boy Doe*, 5 Nav. R. 141 (1987).

A petition asking to reconsider a Supreme Court decision is permitted by our civil appellate rules. NRCAP 19 (1987). The petition seeking reconsideration must be filed "with the Clerk of the Supreme Court within twenty (20) days after the Clerk has notified the parties that a decision has been rendered by the Supreme Court." NRCAP 19(a) (1987). Both parties argue this rule, but their interpretations of the rule differ.

The appellant's interpretation is that the time for filing a petition for reconsideration begins to run on the date the party receives a copy of the decision. Appellant's argument implies that "notified" means actual receipt. Appellant, thus, argues that the controlling date here is June 21, 1988; the date he obtained a copy of this Court's decision from the district court. Appellant further argues that NRCAP 19(a) required the Supreme Court Clerk to serve a copy of the decision on him.

In opposition, the appellee argues that the time for filing the petition for reconsideration begins to run on the date the Court enters its decision. According to the appellee, the controlling date here is May 31, 1988; therefore, either the motion for extension or the petition for reconsideration must have been filed by June 20, 1988, to be timely. Appellee further argues that the appellant's problems with his attorney are not grounds for relief from this Court's May 31, 1988 decision.

Both parties, while apparently focusing on Rule 19(a), neglected to consider Rule 4(b) of the Navajo Rules of Civil Appellate Procedure. Rule 4(b) controls service by the Supreme Court Clerk of papers on parties to an appeal. The applicable part of the rule states that "[s]ervice by mail is complete on mailing. Service of copies of notices and papers that the Clerk of the Supreme Court must serve on parties to the appeal shall also be made in accordance with the forego-

ing." NRCAP 4(b) (1987). Parties to an appeal are, thus, notified of this Court's decision on the date that the decision is mailed to the attorneys of record as shown on the Supreme Court docket sheet. That date here is June 9, 1988. Allowing for seven (7) days mail service, NRCAP 5(c), appellant's motion for an extension of time must have been filed no later than July 6, 1988, to be timely. Appellant's motion for an extension of time to file a petition for reconsideration is untimely.

Appellant's argument that the Supreme Court Clerk must mail a copy of this Court's decision to him is not supported by either our rules or case law. Whenever a party is represented by counsel, then service upon that counsel is service upon the party. The established rule is that notice to the counsel of record serves as notice to the client. *Chavez v. Tome*, 5 Nav. R. 183, 189 (1987); *Tracey v. Heredia*, 4 Nav. R. 149, 153 (Window Rock Dist. Ct., 1983). Service by the Supreme Court Clerk of all papers shall be on the attorney of record until a substitution is made or until there is an appropriate withdrawal. *See* NRCAP 4(d) (1987). In this case, mailing of a copy of this Court's decision to appellant's counsel of record, as shown by the appellate record, is sufficient service upon the appellant. Appellant's problems with his attorney are insufficient grounds for an extension of time. Appellant has other relief available if he believes that his attorney has failed to adequately represent his interest.

The motion for extension of time is denied and dismissed.